IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ERIN WILSON, *individually and on behalf of others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> TRADERCODES, LLC DBA ALGO EXCHANGE, <br><br> Defendant. | Case No. 1:25-cv-03211-ELR |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Defendant Tradercodes, LLC d/b/a Algo Exchange ("Algo Exchange"), by and through undersigned counsel, Gordon Rees Scully Mansukhani, LLC, respectfully submits this Opposition to Plaintiff's Motion to Extend the Time for Plaintiff to File a Motion for Class Certification (Doc. No. 8) ("Motion"). Algo Exchange acknowledges the Court granted the Motion through a Minute Order issued on July 17, 2025, but respectfully requests the Court revisit the Motion based on the arguments herein.

Plaintiff filed the Motion on July 3, 2025 without any prior consultation or communication with counsel for Algo Exchange regarding the extension requested whether Algo Exchange would object to the request. Counsel for Plaintiff, Anthony Paronich, admitted *pro hac vice* herein, had ample opportunity to do so. Counsel for

1

Algo Exchange reached out to Mr. Paronich by phone to discuss the facts of the case prior to Plaintiff filing the Motion, and Plaintiff's counsel never mentioned any extension request. And, the Motion was filed the day after Algo Exchange filed its Answer with counsel of record making an appearance. Plaintiff's counsel could have sought consent or agreement to seek an extension, but did not.

Since the Motion was not filed with Algo Exchange's agreement or consent, pursuant to Local Rule 7.1(B), Algo Exchange's opposition to the Motion was due fourteen (14) days after the Motion was filed, being today, July 17, 2025. The Court granted the Motion without the benefit of Algo Exchange's arguments in opposition set forth herein. The Motion should be denied because the basis for the Motion is incorrect, and baseless because no matter how much discovery is conducted, this case cannot be certified as a class action under Fed. R. Civ. P. 23.

To begin, as a ground for the requested extension, Plaintiff's Motion asserted "[t]he Defendant has not yet responded to the complaint[.]" Motion, at 1-2. This is erroneous since Algo Exchange filed its Answer the day before Plaintiff's Motion was filed. (Doc. No. 6.)

Further, as explained in Defendant's Answer (Doc. No. 6), on March 21, 2025, a non-party named Ninapulin Sheth visited Algo Exchange's website, expressed interest in scheduling a call to learn more about Algo Exchange, and provided Algo Exchange with prior express written consent to send text messages to

2

the phone number she provided. (Doc. 6, at 1-2.) As explained in Defendant's Answer and emphasized to Plaintiff's counsel, however, it now appears Ms. Sheth had inadvertently mistyped a couple of digits in her phone number provided to Algo Exchange, causing Algo Exchange to send two text messages to the phone number she provided. (*Id.*)  Plaintiff alleges she owns that phone number and thus received the text messages. Algo Exchange sent no text messages after someone texted STOP.

This is an unusual and innocent fact pattern where Algo Exchange did nothing wrong.  Like an inadvertent error in a legal brief (*see supra*), people can occasionally mistype their phone numbers too.  This does not make a business subject to TCPA liability, nor could the individualized issues possibly support class certification. Indeed, for the lone count in the Complaint – alleged violations of the Do-Not-Call provisions of the TCPA – there is no liability where an individual provides their phone number to the company initiating the text message, even without any prior express written consent, for up to three (3) months after the phone number is provided. *See* 47 U.S.C. §§ 227(a)(4), (c)(5); 47 C.F.R. § 64.1200(f)(5).  And, there is also no liability under the Do-Not-Call provisions of the TCPA where the person providing the phone number to the company initiating the text message provided prior express written consent to receive text messages.  *See* 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(c)(2)(ii).  Both are true here.

Algo Exchange only texts individuals who provide their phone number and

3

prior express written consent to receive text messages about Algo Exchange's services over Algo Exchange's website.

Plaintiff's claim that she did not provide such consent and Ms. Sheth potentially inaccurately entered her phone number on Algo Exchange's website does not negate the limit on liability outlined in the TCPA or the undisputed fact that all of Algo Exchange's text messages are sent to phone numbers provided to Algo Exchange by people that want to engage with Algo Exchange's services.

Discovery will not change the fact that no liability exists here, and this case cannot be certified as a class action. Class certification is impossible and inappropriate here because the individualized issues will far predominate over any common issues. Plaintiff defines the putative class as follows:

> <u>National Do Not Call Registry Class:</u> All persons throughout the United States (1) ***who did not provide their telephone number*** to Tradercodes, LLC DBA Algo Exchange., (2) to whom Tradercodes, LLC DBA Algo Exchange delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Tradercodes, LLC DBA Algo Exchange goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty-one days before Tradercodes, LLC DBA Algo Exchange delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

(Complaint, Doc. No. 1, ¶ 24 (emphasis added)). The issue that destroys predominance and renders this case unsuitable for class treatment is in the first

sentence of the proposed class: "[a]ll persons throughout the United States (1) who did not provide their telephone number to Tradercodes, LLC DBA Algo Exchange." If Algo Exchange only texts individuals that provide their phone numbers to Algo Exchange and prior express written consent, as Ms. Sheth did, there is only one way to determine who is in the class. Each class member would have to be asked "is this your phone number and did you provide it to Algo Exchange?" This is exactly the type of an individualized issue that prevents certification. Indeed, Plaintiff is never going to be able to establish the threshold issue of standing for absent class members without individualized inquiries as to each class member.

The Eleventh Circuit's decision in *Cordoba v. DirecTV, LLC* is instructive. There, the Eleventh Circuit reversed the District Court's order certifying a class because individualized inquiries into each class member's standing was required. 942 F.3d 1259 (11th Cir. 2019). While addressing a claim under a separate provision of the TCPA (an alleged failure to maintain an internal Do-Not-Call list), the Court concluded that people who were allegedly contacted by the defendant but who did not tell the defendant to stop created individualized inquires defeating certification because absent putative class members that did not say stop had no standing to sue:

> The essential point, however, is that at some time in the course of the litigation the district court will have to determine whether each of the absent class members has standing before they could be granted any relief. That is an individualized issue, and it is one that the district court did not account for or consider in any way in deciding whether issues

common to the class actually predominated over issues that were individualized to each class member.

*Cordoba*, 942 F.3d at 1274.

The same is true here. Putative class members that provided their phone numbers and prior express written consent to Algo Exchange never suffered any injury, and there were no TCPA violations as to those putative class members. They actually asked to hear and wanted to hear from Algo Exchange by text. The parties and the Court will have to ask every single putative class member: "did you provide your phone number to Algo Exchange?" Based on existing precedent in this Circuit, there is no class here. An extension of time will simply delay the inevitable and be a waste of this Court's time and resources.

## CONCLUSION

For the foregoing reasons, Algo Exchange respectfully requests the Court deny Plaintiff's Motion.

Dated: July 17, 2025                    Respectfully submitted,

                                        GORDON REES SCULLY
                                        MANSUKHANI, LLP
                                        */s/ Theresa L. Nelson*
                                        Theresa L. Nelson (GA Bar No. 601095)
                                        Gordon Rees Scully Mansukhani, LLP
                                        55 Ivan Allen Jr. Blvd. N.W.
                                        Suite 750
                                        Atlanta, GA 30308
                                        Ph.: (404) 869-9054
                                        Email: tlnelson@grsm.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that a true and complete copy of the foregoing has been served through the Court's electronic filing system to the following on July 17, 2025:

Valerie Chinn, Georgia Bar No. 248468
Attorney at Law
CHINN LAW FIRM, LLC
245 N. Highland Ave.
Suite 230 #7
Atlanta, GA 30307
Direct: 404-955-7732
Facsimile: 404-745-8605
Email: vchinn@chinnlawfirm.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
*Counsel for Plaintiff and the proposed class*

/s/ *Theresa L. Nelson*
Theresa Nelson