IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Erin Wilson, on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Tradercodes, LLC <br><br> Defendant. | CIVIL ACTION FILE <br> NO. 25-cv-03211 |

**PLAINTIFF'S REPLY IN SUPPORT FOR A MOTION TO EXTEND THE TIME FOR TO FILE A MOTION FOR CLASS CERTIFICATION**

The Defendant's opposition is procedurally defective and substantively incorrect and as such, the Plaintiff's motion should be granted and Plaintiff should be permitted to file a motion for class certification a sufficient discovery, as contemplated by the Supreme Court.

First, the Defendant does not claim that any discovery has been conducted (it hasn't), they don't claim that the Plaintiff has been dilatory in pursuing the discovery needed for class certification (discovery has not started yet), but instead that the Plaintiff should be required to file a motion for class certification before discovery materially begins. Indeed, the Plaintiff must seek sufficient discovery before filing a motion as courts must perform a "rigorous analysis" to ensure that Rule 23's

1

requirements are satisfied before certifying a class, *Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982), even where some of the requirements are not in dispute, *Valley Drug Co. v. Geneva Pharm., Inc.,* 350 F.3d 1181, 1188 (11th Cir. 2003), or where the Court must decide disputed questions of fact that bear on the inquiry, *Brown v. Electrolux Home Prods., Inc.,* 817 F.3d 1225, 1233-34 (11th Cir. 2016). *See also Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his [or her] compliance with the Rule—that is, he [or she] must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc."). This "rigorous analysis" frequently "entail[s] some overlap with the merits of the plaintiffs underlying claim." *M. H. v. Berry,* No. 1:15-CV-1427-TWT, 2017 U.S. Dist. LEXIS 90999, 2017 WL 2570262, at *3 (N.D. Ga. June 14, 2017) (*citing Dukes,* 564 U.S. at 351-52). As such, the Plaintiff should not be required to file a motion for class certification prior to receiving *any* substantive discovery responses.

Indeed, while couched as an opposition to a motion for extension of time, the Defendant's opposition is really a motion to strike class allegations. However, there is no surprise that the Defendant did not actually file a motion to strike class allegations, as they are disfavored. Significantly, because "the TCPA is 'a consumer

protection statute which is remedial in nature,' this Court must interpret the statute broadly" and certainly not allow it to be turned on its head and weaponized against consumers." *Heard v. Nationstar Mortg. LLC*, No. 16-cv-00694- MHH, 2018 WL 4028116, at *5 (N.D. Ala. Aug. 23, 2018). A class is not fail-safe if "[m]embership … can be determined without reaching any legal conclusions to determine whether someone is in the class, one simply needs to answer questions … determined by objective criteria." *Panacci v. A1 Solar Power, Inc.*, No. 15-cv-00532-JCS, 2015 WL 3750112, at *8 (N.D. Cal. June 15, 2015). Contrary to what Defendant argues, to determine class membership in this case, the Court will ask the following series of objective, factual questions:

- Did Defendant place calls to numbers on the National Do Not Call Registry?
- Were those numbers called 2 or more times in a 12-month period?
- Were those numbers "residential"?
- Does Defendant claim to have obtained consent to call them in the same manner Defendant claims to have obtained consent to call Plaintiff?

*See id*. at *8-9 (finding that the plaintiff's proposed Class were not fail safe because "one simply needs to answer questions such as whether the person received a certain number of phone calls from Defendants within a certain timeframe").

Defendant claims that the issue of whether or not it had consent or an established business relationship to contact consumers will create mini-trials. But,

3

"[c]ourts should exercise caution when striking class action allegations based solely on the pleadings, because class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Sauter v. CVS Pharmacy, Inc.*, No. 2:13-CV-846, 2014 U.S. Dist. LEXIS 63122, 2014 WL 1814076, at *2 (S.D. Ohio May 7, 2014) (ultimately finding plaintiff in a TCPA case improperly pled a fail-safe class, but granting plaintiff leave to amend its pleadings to remove reference to consent, which is not included here). In essence, Defendant asks this Court to hold as a matter of law that a TCPA class is not ascertainable. As the Fourth Circuit explained:

> In enacting the law, Congress sought to deter an activity that, while pernicious and disruptive, does not trigger extensive liability in any single case. Since few individuals would have an incentive to bring suit, no matter how frustrated they were with the intrusion on their privacy, the TCPA opted for a model that allows for resolution of issues without extensive individual complications.

*Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 646 (noting that "the TCPA clearly supports class-wide resolution"). Indeed, courts around the country have certified numerous class actions based on violations of the TCPA. Unsurprisingly, courts routinely find class actions to be the superior method of adjudicating claims in the TCPA context:

> This type of case weighs in favor of the class action as a superior device. Under the TCPA, the maximum recovery for each class member is $1,500, and it does not allow for fee shifting. Hence, individual class

4

members are unlikely to litigate TCPA claims. Second, in finding federal courts have concurrent jurisdiction with state courts over TCPA actions, the Supreme Court effectively found that Congress did not intend state small claims courts to be the sole forum for TCPA claims. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 751, 181 L. Ed. 2d 881 (2012).

*Sandusky Wellness Ctr., LLC v. Wagner Wellness, Inc.*, No. 3:12-cv-2257, 2014 U.S. Dist. LEXIS 166275, at *14-15 (N.D. Ohio Dec. 1, 2014). As another federal court found while certifying a TCPA case:

> Jurists and commentators have long debated the merits of the modern class action and the public policies behind Rule 23…It is the view of this Court that the instant case highlights one of the strongest justifications for the class action device: its regulatory function…A statute such as the TCPA, which provides for a relatively small recovery for individual violations but is designed to deter conduct directed against a large number of individuals, can be effectively enforced only if consumers have available a mechanism that makes it economically feasible to bring their claims. Without the prospect of a class action suit, corporations balancing the costs and benefits of violating the TCPA are unlikely to be deterred because individual claims will not impose the level of liability that would outweigh the potential benefits of violating the statute.

*Bee, Denning, Inc. v. Capital Alliance Group*, No. 13-cv-2654, 2015 U.S. Dist. LEXIS 129495, at *37-38 (S.D. Cal. Sept. 24, 2015).

At bottom, given that courts regularly certify TCPA class actions, Defendant's suggestion that the Plaintiff cannot meet the elements necessary to certify her proposed TCPA class is not credible and is certainly premature.

Second, the fact that the Defendant admits it called the wrong number here *supports* class certification. Indeed, as the Fourt Circuit Court of Appeals explained in *Krakauer*:

> [T]he class certified by the district court easily meets the demands of Rule 23. First, the class members are ascertainable. As we previously explained, class litigation should not move forward when a court cannot identify class members without "extensive and individualized fact-finding or 'mini-trials.'" *EQT Prod. Co.*, 764 F.3d at 358. The goal is not to "identify every class member at the time of certification," *id.*, but to define a class in such a way as to ensure that there will be some "administratively feasible [way] for the court to determine whether a particular individual is a member" at some point. *Id.* (quoting 7A Charles Alan Wright et al., Federal Practice and Procedure, § 1760 (3d ed. 2005)).
>
> The class-wide data obviated any concern on this score. The records in this case clearly showed when calls were placed and whether the call went through. The court was presented with data showing whether a number was residential and connecting the number to particular names and addresses. The class members could therefore be identified on a large-scale basis, and notified of the class action accordingly.

*Krakauer*, 925 F.3d at 658. In discovery, the Plaintiff will seek the same "class wide data" referenced in *Krakauer* to identify putative class members. Defendant's argument on consent, thus, must fail because it is a red herring that is premature and is more appropriately suited to class certification.

In fact, when the Defendant has not met its burden of demonstrating consent applicable to the class, a class is properly *certified*, not stricken. *See*, *e.g*, *Watson v. Manhattan Luxury Automobiles, Inc.*, No. 20 CIV. 4572 (LGS), 2022 WL 4586407, at *5 (S.D.N.Y. Sept. 29, 2022). Major Energy's argument focuses on a potential

affirmative defense of consent or an established business relationship (of which its produced no evidence to support) to assert that this action in its entirety is incapable of being maintained as a class action. In rejecting the same argument raised in another TCPA case, another court held in a TCPA case held exactly this:

> The Court finds that the defendant's motion to strike the class allegations is premature before plaintiff can develop the factual record through discovery. Loan Depot's citation of consent as a potential affirmative defense is insufficient to warrant striking the putative class solely on the pleadings. The motion to strike class allegations will, therefore, be denied.
>
> *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 318 (D. Mass. 2020).

Noteworthy, then, is that any defense Algo asserts—such as consent, ratification, or safe harbor—based on the circumstance that someone other than Plaintiff may have provided his cellular telephone number to Algo—fails from the outset, as the Eleventh Circuit previously held:

> When a caller who is otherwise subject to the TCPA phones someone who has not consented to its calls, can the caller avoid liability under the TCPA's . . . prohibitions if the person it *intended* to call had consented to the calls? We have never answered this question. But the Seventh and Eleventh Circuits have, and they both rejected Credit One's same "intended recipient" interpretation. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251–52 (11th Cir. 2014); *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 639–43 (7th Cir. 2012). The D.C. and Third Circuits have also voiced support for the Seventh and Eleventh Circuits' positions. *See ACA Int'l v. FCC*, 885 F.3d 687, 706 (D.C. Cir. 2018); *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 325 & n.13 (3d Cir. 2015). Reviewing the district court's jury instructions de novo for legal error, *Navellier v. Sletten*, 262 F.3d 923, 944 (9th Cir. 2001), we agree with our sister circuits. **Credit One's intent to call a**

*customer who had consented to its calls does not exempt Credit One from liability under the TCPA when it calls someone else who did not consent*.

*N. L. by Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1167 (9th Cir. 2020) (emphasis added); *accord Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265, 1267 (11th Cir. 2014) ("Because Breslow, the subscriber to the cell phone service, did not consent to Wells Fargo's calling via audial system, she is entitled to partial summary judgment."). That is, it does not matter that Algo was trying to call someone else from whom it may have had consent when it called Plaintiff.

While it is true that some courts have declined to certify TCPA classes including classes involving claims regarding wrong or reassigned phone numbers. But most of those decisions are from courts applying a heightened ascertainability standard under Rule 23—a standard that no longer exists in the Eleventh Circuit. *See Cherry v. Dometic Corp..*, 986 F.3d 1296, 1304 (11th Cir. 2021) ("We hold that administrative feasibility is not a requirement for certification under Rule 23. In doing so, we limit ascertainability to its traditional scope: a proposed class is ascertainable if it is adequately defined such that its membership is capable of determination."). That is, in light of *Cherry*, the typical argument against certification of a wrong number class—that identifying class members will be difficult or onerous—cannot carry the day here.

It should also be noted that certification of TCPA classes like this one is far from an outlier. *See, e.g.*, *Samson v. United Healthcare Servs. Inc.*, No. 2:19-cv-00175, 2023 WL 6793973 (W.D. Wash. Oct. 13, 2023) (certifying a "wrong number" TCPA class over objection); *Head v. Citibank, N.A.*, 340 F.R.D. 145 (D. Ariz. 2022); *Williams v. PillPack LLC*, 343 F.R.D. 201 (W.D. Wash. 2022) (same); *Wesley v. Snap Fin. LLC*, 339 F.R.D. 277 (D. Utah 2021) (same); *Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238 (D. Ariz. 2019) (same); *Reyes v. BCA Fin. Servs., Inc.*, No. 16-24077-CIV-Goodman, 2018 WL 3145807 (S.D. Fla. June 26, 2018) (same), *decertified per agreement of the parties*, 2020 WL 1846165 (S.D. Fla. Mar. 18, 2020); *Lavigne v. First Cmty. Bankshares, Inc.*, No. 1:15-cv-00934-WJ/LF, 2018 WL 2694457 (D.N.M. June 5, 2018) (same); *West v. Cal. Servs. Bureau, Inc.*, 323 F.R.D. 295 (N.D. Cal. 2017) (same); *Johnson v. Navient Sols., Inc.*, 315 F.R.D. 501 (S.D. Ind. 2016) (same); *accord Brown v. DirecTV, LLC*, No. CV 13-1170 DMG (EX), 2021 WL 5755044 (C.D. Cal. Dec. 1, 2021) (denying a motion to decertify a "wrong number" TCPA class); *McMillion v. Rash Curtis & Assocs.*, No. 16-CV-03396-YGR, 2017 WL 3895764 (N.D. Cal. Sept. 6, 2017) (certifying two "non-debtor" TCPA classes over objection).

As Judge Easterbrook wrote for the Seventh Circuit: "Class certification is normal in litigation under [the TCPA], because the main questions . . . are

common to all recipients." *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013); *accord Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 656 (4th Cir. 2019) ("Given the remedial purpose of the TCPA, it is no surprise that its cause of action would be conducive to class-wide disposition.").

The Plaintiff should not be prevented from having a chance at class certification, as the Defendant's opposition suggests.

WHEREFORE, the Plaintiff respectfully requests that this Motion be granted.

/s/ Anthony I. Paronich
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*