UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Erin Wilson, *individually and on behalf of others similarly situated*, ) | Civil Action No.: 1:25-cv-03211 |
| Plaintiff, ) | Hon. Eleanor L. Ross |
| v. ) | |
| Tradercodes, LLC DBA Algo Exchange ) | |
| Defendant. ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff Erin Wilson ("Plaintiff") and Defendant Tradercodes, LLC DBA Algo Exchange ("Algo Exchange" or "Defendant") and through undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan.

1. **Description of Case:**

   **(a)   Describe briefly the nature of this action.**

   Plaintiff's Statement:

   Ms. Wilson filed a class action complaint against Tradercodes, LLC DBA Algo Exchange through which is it asserted Defendant routinely violated the Telephone Consumer Protection Act ("TCPA") by delivering, or causing to be delivered, text to cellular telephone numbers of individuals who had no relationship with Defendant, despite that being required by the TCPA.

There are no pending or previously adjudicated related cases.

Defendant's Statement:

Algo Exchange denies all of Plaintiff's material allegations, denies any and all liability, denies that Plaintiff is entitled to any relief, and denies that this case could ever be certified as a class action. On March 21, 2025, a person identifying themselves as Ninapulin Sheth visited Algo Exchange's website, expressed interest in receiving information about Algo Exchange through a strategy call with Algo Exchange, and provided a phone number on a lead form by which she provided prior express written consent to receive text messages. While not certain, it appears that this person may have incorrectly entered their phone number, resulting in Algo Exchange sending two text messages, purportedly to Plaintiff, who allegedly owns the phone number. Algo Exchange immediately ceased sending text messages to the phone number after that person texted back STOP. In short, Algo Exchange did nothing wrong. The actual facts of this case do not support liability, nor could they possibly support certification of a class.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff maintains that there was no prior relationship with Defendant, never signed up for any of their offerings or provided consent to be called. Nevertheless, it is alleged that text messages like the below we received:



Plaintiff alleges these calls were sent *en masse* to putative class members.

Algo Exchange incorporates by reference its Defendant's Statement in Section 1(a) above as if set forth in full herein.

**(c)    The legal issues to be tried are as follows:**

1.    Whether Plaintiff or any similarly situated individuals can establish a claim under the TCPA (47 U.S.C. § 227(c)(5));

2.    Whether this action should be certified as a class action;

3. Whether Plaintiff or any similarly situated individuals' claims are barred or limited by any defenses Defendant may have; and

4. Whether Plaintiff or any similarly situated individuals are entitled to damages, and if so, the amount of the damages.

The parties reserve the right to amend, and/or add to this list of issues to be litigated or tried.

**(d)     The cases listed below (include both style and action number) are:**

(1)     Pending Related Cases:

None.

(2)     Previously Adjudicated Related Cases:

None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

| | | |
|---|---|---|
| x | (1) | Unusually large number of parties |
| ___ | (2) | Unusually large number of claims or defenses |
| x | (3) | Factual issues are exceptionally complex |
| x | (4) | Greater than normal volume of evidence |
| x | (5) | Extended discovery period is needed |
| ___ | (6) | Problems locating or preserving evidence |
| ___ | (7) | Pending parallel investigations or action by government |
| x | (8) | Multiple use of experts |
| ___ | (9) | Need for discovery outside United States boundaries |
| ___ | (10) | Existence of highly technical issues and proof |
| x | (11) | Unusually complex discovery of electronically stored information |

Plaintiff is representing this case is complex; Algo Exchange disagrees this case is complex.

4

**3. Counsel:** The following individually-named attorneys are hereby designated as lead counsel for the parties:

| | |
|---|---|
| Lead counsel for Plaintiff: | Anthony Paronich<br>Paronich Law, P.C. |
| Lead counsel for Defendant: | Theresa L. Nelson (GA Bar No. 601095)<br>Gordon Rees Scully Mansukhani, LLP<br>55 Ivan Allen Jr. Blvd. N.W.<br>Suite 750<br>Atlanta, GA 30308<br>Ph.:  (404) 869-9054<br>Email: tlnelson@grsm.com |
| | Stephen R. Freeland (*pro hac vice*)<br>277 S. Washington St.<br>Suite 550<br>Alexandria, VA 22314<br>Ph.: (703) 650-7035<br>Email: sfreeland@grsm.com |

**4. Jurisdiction:**

Is there any question regarding this court's jurisdiction?

☒   Yes             ☐   No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **The names of necessary parties to this action who have not been joined and any questions of misjoinder of parties and inaccuracies and omissions regarding the names of parties.**

**Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

Plaintiff's Response: To the extent Defendant used any vendor to send any of the subject text messages, Plaintiff may add the vendor to this matter as a party-defendant once Plaintiff learns, through discovery, of the identity of any vendor used by Defendant and the extent to which the vendor participated in sending the telemarketing calls at issue.

Defendant's Response: At this time, Algo Exchange is not aware of any necessary parties to this action who have not been joined, and does not believe any joinder of any other parties is required.

(b) The following persons are improperly joined as parties:

None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any

contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.      **Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in Local Rule 15.**

(a)   List separately any amendments to the pleadings which the parties anticipate will be necessary:

None at this time.

(b)   Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.      **Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

(a)   *Motions to Compel:*  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)   *Summary Judgment Motions:*  Motions for summary judgment shall be filed as soon as possible, but, unless otherwise ordered by the Court, not later than

7

thirty (30) days after the close of discovery, as established by the expiration of the original or extended discovery period or by written notice of all counsel, filed with the Court, indicating that discovery was completed earlier. Local Rule 56.1(D).

**(c)** ***Other Limited Motions:*** Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)** ***Motions Objecting to Expert Testimony:*** Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

Plaintiff proposes and requests the deadline by which Plaintiff must file a motion for class certification be fourteen months from the date of entry of this Scheduling Order (Doc. 8). Defendant opposes this request because Plaintiff has not established any reason to deviate from the deadline for motions for class certification set forth in Local Rule 23.1(B), and no such reasons exist (Doc. 10).

The parties propose and request the deadline by which the parties must file dispositive motions should be sixty (60) days from the date the Court rules on Plaintiff's motion for class certification.

The parties propose and request the below expert disclosure schedule:

Plaintiff to disclose expert(s) by February 2, 2026;

Defendant to disclose expert(s) and/or any rebuttal expert(s) by March 4, 2026; and

Plaintiff to disclose any rebuttal expert(s) by April 2, 2026.

**Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:**

None.

8. **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not applicable.

9. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period,

and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support an anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

Algo Exchange will seek discovery as to the lack of merit on Plaintiff's TCPA claim, including, but not limited to, the provision of the phone number at issue, the prior express consent provided to call the phone number at issue, the cellular

telephone assigned to the phone number at issue, Plaintiff's cellular telephone, phone number and usage for any assigned phone number, as well as Plaintiff's lack of any injury. Defendant will seek discovery as to Plaintiff's lack of standing and the failure to meet the requirements for class certification.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties do not believe that discovery should be conducted in phases. The parties currently do not anticipate that additional time may be needed.

The parties agree and request the deadline to complete discovery should be thirteen (13) months from the date of entry of this Scheduling Order.

**10. <u>Discovery Limitations</u>:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

None.

(b) Is any party seeking discovery of electronically stored information?

☒ Yes  ☐ No

11

**If "yes,"**

**(1)** The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows: The parties agree that there is not extensive electronic information relative to this case. The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs. If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**(2)** The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:

The parties agree that there is not extensive electronic information relative to this case. The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs. If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

11. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties intend to seek a protective order of confidentiality.

12. **Settlement Potential:**

**(a)** **Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on July 16, 2025 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For Defendant:     /s/ *Theresa L. Nelson and Stephen R. Freeland*

For Plaintiff:     /s/ *Anthony Paronich*

**(b)** **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

☐   A possibility of settlement before discovery.

☒   A possibility of settlement after discovery.

☐   A possibility of settlement, but a conference with the judge is needed.

☐   No possibility of settlement.

**(c)** **Counsel ☐ do  ☒ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d)** **The following specific problems have created a hindrance to settlement of this case.**

Plaintiff's position is that there are no problems that have created a hindrance to settlement of this case.

13

Algo Exchange disagrees. Algo Exchange has been willing to discuss a resolution of Plaintiff's individual claim, which only involves two (2) text messages, even though the claim lacks merit. Even assuming it has merit, the maximum recovery by the Plaintiff is three-thousand dollars ($3,000).

In Algo Exchange's view, the specific problem creating a hindrance to settlement is Plaintiff's failure to appreciate that this case has no merit and, even if it did, it cannot be certified as a class action. A recent, well-reasoned opinion confirms that text messages are not subject to the Do-Not-Call provisions of the TCPA under which Plaintiff sues and, therefore, neither Plaintiff nor any class members can state a claim for which relief can be granted. *Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at *4 (C.D. Ill. July 21, 2025) ("under a plain reading, Section 227(c)(5) of the TCPA does not regulate text messages…").

Nor is the case suitable for class treatment even if Plaintiff could state a claim. As has been explained, a non-party named Ninapulin Sheth visited Algo Exchange's website, expressed interest in scheduling a call to learn more about Algo Exchange, and provided Algo Exchange with prior express written consent to send text messages to the phone number she provided. (Doc. 6, at 1-2). It now appears Ms. Sheth had inadvertently mistyped a couple of digits in her phone number provided to Algo Exchange, causing Algo Exchange to send two text messages to the phone number she provided. (*Id.*). Plaintiff alleges she owns that phone number and thus

received the text messages. Algo Exchange sent no text messages after someone texted STOP.

Plaintiff's claim that she did not provide such consent and Ms. Sheth potentially inaccurately entered her phone number on Algo Exchange's website does not negate the limit on liability outlined in the TCPA or the undisputed fact that all of Algo Exchange's text messages are sent to phone numbers provided to Algo Exchange by people who want to engage with Algo Exchange's services.

Discovery will not change the fact that no liability exists here, and this case cannot be certified as a class action. Class certification is impossible and inappropriate here because the individualized issues will far predominate over any common issues. Indeed, the issue that destroys predominance and renders this case unsuitable for class treatment is in the first sentence of Plaintiff's proposed class: "[a]ll persons throughout the United States (1) who did not provide their telephone number to Tradercodes, LLC DBA Algo Exchange." (Complaint, Doc. No. 1, ¶ 24). Since Algo Exchange only texts individuals who provide their phone numbers to Algo Exchange and prior express written consent, as Ms. Sheth did, there is only one way to determine who is in the class. Each class member would have to be asked "is this your phone number and did you provide it to Algo Exchange?" This is exactly the type of individualized issue that prevents certification. Indeed, Plaintiff is never going to be able to establish the threshold issue of standing for absent class

15

members without individualized inquiries as to each class member. *See Cordoba v. DirecTV, LLC*, 942 F.3d 1259, 1274 (11th Cir. 2019) (reversing the District Court's order certifying a TCPA class because individualized inquiries into each class member's standing was required). Algo Exchange believes that, because this case lacks merit and is unsuitable for class treatment, the parties should be ordered to early mediation to attempt to resolve Plaintiff's individual claim.

**Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties ☐ **do**   ☒ **do not** consent to having this case tried before a magistrate judge of this court.

Respectfully submitted in this 1st day of August, 2025

/s/ *Anthony I. Paronich*
Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
*Counsel for Plaintiff and the proposed class*

/s/ *Theresa L. Nelson*
Theresa L. Nelson (GA 601095)

16

Stephen R. Freeland (admitted *pro hac vice*)

55 Ivan Allen Jr., Blvd. NW, Ste. 750
Atlanta, GA  30308
Tel.: (404) 869-9054
Fax: (678) 389-8475
tlnelson@grsm.com
sfreeland@grsm.com

*Counsel for Defendant Tradercodes, LLC DBA Algo Exchange*

## Algo Exchange's Attachment Pursuant to Section 4

Algo Exchange respectfully submits that the Court does not have jurisdiction because the Plaintiff, as an individual, lacks standing, and putative class members lack standing.  As a threshold matter, a well-reasoned, recent opinion confirms that text messages are not subject to the Do-Not-Call ("DNC") provisions of the TCPA and therefore neither Plaintiff nor any class members can state a claim for which relief can be granted.  *Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at *4 (C.D. Ill. July 21, 2025) ("under a plain reading, Section 227(c)(5) of the TCPA does not regulate text messages…").  Nor has Plaintiff or any putative class member suffered any injury that is capable of redress.

Even if text messages are covered by the DNC provisions, Plaintiff's proposed class includes individuals who have no standing.  (Doc. No. 1, ¶ 24).  Since Algo Exchange only texts individuals who provided prior express written consent, each putative class member would have to be asked "is this your phone number and did you provide it to Algo Exchange?"  As a matter of law, Plaintiff cannot establish the threshold issue of standing for absent class members without these types of individualized inquiries.  *Cordoba v. DirecTV, LLC*, 942 F.3d 1259, 1274 (11th Cir. 2019) (reversing class certification order because individualized inquiries into whether each class member had standing were required).