## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ERIN WILSON, individually and on behalf of other similarly situated, | * * * | |
| Plaintiff, | * * * | |
| v. | * | 1:25-CV-03211-ELR |
| | * | |
| TRADERCODES, LLC, d/b/a Algo Exchange, | * * * | |
| Defendant, | * * | |

### SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan (JPRDP) completed and filed by the Parties [Doc. 12], the Court **ORDERS** that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are, to the extent they comport with the Federal Rules of Civil Procedure and the Local Rules of this Court, are as stated in the JPRDP, except as modified:

- Commencement of discovery: August 1, 2025

- Deadline for expert disclosures by Plaintiff: February 2, 2026

- Deadline for expert disclosures by Defendant: March 4, 2026

- Deadline for rebuttal expert disclosures by Plaintiff: April 2, 2026

- Deadline for completion of discovery: September 8, 2026

- Deadline for motions for class certification and summary judgment: October 8, 2026[1]

- Deadline for responses to motions for class certification and summary judgment: October 29, 2026

- Deadline for replies in support of motions for class certification and summary judgment: November 12, 2026

If a motion for class certification is not timely filed, the Court **DIRECTS** the Clerk to submit this matter to the Court for consideration.

**SO ORDERED**, this 8th day of August, 2025.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[1] Because the "rigorous analysis" that class certification requires will likely overlap with the merits of Plaintiff's claims, see Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 351–52 (2011), the Court will evaluate both together, after discovery has ended. See Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) (explaining that a district court enjoys "broad discretion" over pre-trial matters such as discovery and scheduling); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them.").