IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIN WILSON, *individually and on behalf of others similarly situated,*<br><br>　　　Plaintiff,<br><br>v.<br><br>TRADERCODES, LLC DBA ALGO EXCHANGE,<br><br>　　　Defendant. | Case No.<br>1:25-cv-03211-ELR |

## **MEMORANDUM IN SUPPORT OF DEFENDANT TRADERCODES, LLC D/B/A ALGO EXCHANGE'S MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(C)**

## **INTRODUCTION**

Plaintiff's sole cause of action in this case is for alleged violations of 47 U.S.C. § 227(c) of the Telephone Consumer Protection Act of 1991 ("TCPA"), based exclusively on allegations that Defendant sent Plaintiff two (2) unsolicited marketing text messages while Plaintiff's cellphone number was registered on the National Do-Not-Call list, and without Plaintiff's consent. *See* Compl. Doc. No. 1, ¶¶ 8-23, 52-60. Under principles of statutory construction required by the Supreme Court's recent decisions in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 145 S. Ct. 2006, 2015 (2025) and *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 402 (2024) (overruling *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*,

1

467 U.S. 837 (1984)), Section 227(c) of the TCPA does not apply to text messages. *See Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at *3 (C.D. Ill. July 21, 2025) ("Pursuant to *McLaughlin* and *Loper Bright*, the Court agrees with the Defendant that based on a plain reading of the TCPA and its implementing regulations, Section 227(c)(5) does not apply to text messages.").

This Court should follow the well-reasoned application of *McLaughlin* and *Loper Bright* recently applied by the Federal District Court in Illinois in *Jones* and dismiss the Complaint with prejudice, as neither Section 227(c) nor its implementing regulations provide any basis to extend the statute's reach to text messages.[1]

## ARGUMENT

### I.  Federal Rule of Civil Procedure 12(c) Standard.

Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed, but early enough to not delay trial. *See* Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard as a motion to dismiss under Rule 12(b)(6). *Griffin v. SunTrust Bank, Inc.*, 157 F. Supp. 3d 1294, 1295 (N.D. Ga. 2015), *aff'd*, 648 F. App'x 962 (11th Cir. 2016) (affirming grant of motion for judgment on the pleadings under Rule 12(c)). "Judgment on the pleadings is proper when no issues of material fact exist,

---

[1] A copy of the *Jones* decision is attached as Attachment A for the Court's convenience.

and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Attorney's Off. for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010). To survive such a motion, a complaint must contain factual allegations sufficient to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678–79. However, legal conclusions and conclusory statements are not entitled to such deference. *Id.* at 663.

Dismissal on the pleadings is appropriate where, as here, the sole claim rests on a legal theory that fails as a matter of law.

## II. Under the Principles of Statutory Construction Required by *Loper Bright* and *McLaughlin*, Section 227(c) of the TCPA Does Not Cover Text Messages.

Plaintiff's Complaint must be dismissed because 47 U.S.C. § 227(c), understood according to its plain and contemporary meaning, cannot be interpreted to govern text messages. The Supreme Court very recently explained:

> In an enforcement proceeding, a district court must independently determine for itself whether the agency's interpretation of a statute is correct. District courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation.

*McLaughlin*, 145 S. Ct. at 2015 (citing *Loper Bright*, 603 U.S. at 402). Under the

principles of statutory interpretation, a court must start with the express language chosen by Congress contained in the statute to ascertain its plain meaning. *Equal Emp. Opportunity Comm'n v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1026 (11th Cir. 2016) ("When words are not defined in a statute, they are 'interpreted as taking their ordinary, contemporary, common meaning[.]'") (quoting *Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 227 (2014)).

Further, it is not for a court to legislate by reading into the TCPA something that is not there:

> Congress expects courts to do their ordinary job of interpreting statutes, with due respect for the views of the Executive Branch. And to the extent that Congress and the Executive Branch may disagree with how the courts have performed that job in a particular case, they are of course always free to act by revising the statute.

*See Loper Bright*, 603 U.S. at 403.

Applying these principles of statutory interpretation, the Central District of Illinois recently held that, under a plain reading of the TCPA and its implementing regulations, Section 227(c)(5) does not extend to text messages. This Court should do the same and dismiss Plaintiff's Complaint.

> **A.  The Text of Section 227(c) and its Implementing Regulations Make no Reference to Text Messages.**

The phrases "text message" and "SMS message" are wholly absent from Section 227(c)(5) and its implementing regulations, 47 C.F.R. § 64.1200(c) and (d). Indeed, only "call", "telephone call", and "artificial or prerecorded-voice telephone

4

call" appear in Section 227(c) and its implementing regulations. 47 U.S.C. § 227(c)(1)(D), (c)(5); 47 C.F.R. § 64.1200(c)(2)(iii), (d).

Section 227(c)(5) provides for a private right of action by "[a] person who has received more than one *telephone call* within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227(c)] ...." 47 U.S.C. § 227(c)(5) (emphasis added).

Section 227(c)'s implementing regulation, 47 C.F.R. § 64.1200(c), provides in relevant part:

> No person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

47 C.F.R. § 64.1200(c)(2).

Another implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part:

> No person or entity shall initiate any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

47 C.F.R. § 64.1200(d). Neither Section 227(c) nor its implementing regulations contain any language suggesting that text messages fall within its scope.

In contrast, the FCC clearly indicated its intent to regulate text messages or

5

SMS messages under 47 C.F.R. § 64.1200(a), which was implemented only under Section 227(b), *not* Section 227(c), the statute under which Plaintiff sues. 47 C.F.R. § 64.1200(a)(9) ("As used in this paragraph (a)(9), the term 'call' includes a text message, including a short message service (SMS) call."). Indeed, the cases that Plaintiff cites in her Complaint were decided under Section 227(b), not Section 227(c). *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 (2d Cir. 2020); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

Because the plain language of Section 227(c) and its implementing regulations do not cover text messages, Algo Exchange's motion for judgment on the pleadings under Rule 12(c) should be granted and Plaintiff's Complaint dismissed with prejudice.

### B. The Contemporaneous Meaning of "telephone call" in 1991 Does Not Include Text Messages.

Section 227(c)(5) simultaneously explicitly refers to a "telephone call", a term not defined in the statute itself, and remains silent as to its application to text messages. Therefore, the term "telephone call" must be understood as it was commonly used in 1991 when the statute was enacted. *See EEOC*, 852 F.3d at 1026 (explaining that undefined statutory terms must be given their contemporary meaning).

"Text messaging was not an available technology in 1991, and thus 'telephone call' would not have included text messages or SMS messages." *Jones*, 2025 WL

6

2042764, at *4. "Moreover, in today's American parlance, 'telephone call' means something entirely different from 'text message'." *Id.* Under both its 1991 usage and present-day meaning, the term "telephone call" does not include text messages.

Further, as *Jones* explained, the appearance of the term "telephone solicitation" elsewhere in the statute does not change the fact that, in 1991, "telephone call or message" could not include a text message:

> The fact that "telephone solicitation" appears in Section 227(c) and is defined earlier in Section 227(a) to mean "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person" does not change the plain meaning analysis. 47 U.S.C. § 227(a)(4).  Section 227(a)(4) does not refer to "text message"; "telephone call or message" could not be interpreted in 1991 to telephone call or *text* message, contrary to the Plaintiffs' footnoted suggestion.  Again, a statute's words are given their common meaning as of the time the statute was enacted.

*Id.* (emphasis original). In sum, both the plain statutory language and the ordinary meaning of "telephone call" confirm that Section 227(c) does not apply to text messages.

    **C.    It is the Role of Congress, Not Courts, to Extend the TCPA to New Technologies.**

Finally, as the Supreme Court emphasized in *Loper Bright*, it is not for courts to legislate by reading into a statute what Congress did not include:

> Congress expects courts to do their ordinary job of interpreting statutes, with due respect for the views of the Executive Branch.  And to the extent that Congress and the Executive Branch may disagree with how the courts have performed that job in a particular case, they are of

course always free to act by revising the statute.

*Loper Bright*, 603 U.S. at 403; *see also Jones*, 2025 WL 2042764, at *5 (quoting same). That principle applies with full force here. If Congress believes the TCPA should reach modern text messaging practices under Section 227(c), it is free to amend the statute. But as written and enacted in 1991, the statute does not include text messages—and this Court should not rewrite it to say otherwise.

## CONCLUSION

Because Section 227(c) and its implementing regulations, when read according to their plain and contemporary meaning, do not extend to text messages, Plaintiff's claim fails as a matter of law. Courts are not free to expand a statute's scope to reach technologies Congress did not address. That responsibility lies with Congress alone. Accordingly, Defendant respectfully requests that the Court enter judgment on the pleadings and dismiss the Complaint with prejudice.

Respectfully submitted this 8th day of August, 2025.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Theresa L. Nelson*
Theresa L. Nelson (GA Bar No. 601095)
Gordon Rees Scully Mansukhani, LLP
55 Ivan Allen Jr. Blvd. N.W.
Suite 750
Atlanta, GA 30308
Ph.: (404) 869-9054
Email: tlnelson@grsm.com

8

Stephen R. Freeland (*pro hac vice*)
277 S. Washington St.
Suite 550
Alexandria, VA 22314
Ph.: (703) 650-7035
Email: sfreeland@grsm.com

*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE AND SERVICE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B). The foregoing was prepared on a computer, using Times New Roman 14-point font.

This is to certify that I have this day served a true and correct copy of the within and foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT TRADERCODES, LLC D/B/A ALGO EXCHANGE'S MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(C)** by filing the same with the CM/ECF system which will serve a copy by electronic mail upon all counsel of record.

    Valerie Chinn
    Attorney at Law
    CHINN LAW FIRM, LLC
    245 N. Highland Ave.
    Suite 230 #7
    Atlanta, GA 30307
    vchinn@chinnlawfirm.com

    Anthony I. Paronich
    Paronich Law, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, MA 02043
    anthony@paronichlaw.com
    *Counsel for Plaintiff and the proposed class*

This 8th day of August, 2025.

*(signature on the following page)*

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Theresa L. Nelson*
Theresa L. Nelson
COUNSEL