### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| ERIN WILSON, *individually and on behalf of others similarly situated,*<br><br>    Plaintiff,<br><br>v.<br><br>TRADERCODES, LLC DBA ALGO EXCHANGE,<br><br>    Defendant. | Case No. 1:25-cv-03211-ELR |

### MEMORANDUM IN SUPPORT OF DEFENDANT TRADERCODES, LLC D/B/A ALGO EXCHANGE'S MOTION TO STAY DISCOVERY AND PRETRIAL DEADLINES PENDING DEFENDANT'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

### INTRODUCTION

Plaintiff Erin Wilson alleges Defendant violated 47 U.S.C. § 227(c) of the Telephone Consumer Protection Act of 1991 ("TCPA") when she received two unsolicited text messages. *See* Doc. No. 1. Because Plaintiff's lone statutory claim fails as a matter of law, Algo Exchange filed a Rule 12(c) motion for judgment on the pleadings ("Rule 12(c) Motion") seeking dismissal of Plaintiff's complaint with prejudice. *See* Doc. No. 14, 14-1. There is no urgency or need for discovery to proceed while the Rule 12(c) Motion is pending.

Rather, discovery at this time would waste the parties' resources. To the

extent any discovery disputes were to arise, discovery would likewise waste the Court's time and resources. Unfortunately, there is a likelihood of discovery disputes. By themselves, Plaintiff's document requests are exceptionally broad, unduly burdensome, and disproportionate to the needs of the case, seeking production of "all" documents and/or communications relating to very broad subject matters. *See* Ex. 1, at 9-13. Because it would conserve the parties' and the Court's resources and be in the interest of justice, Algo Exchange requests the Court stay discovery and pretrial deadlines until a decision on the Rule 12(c) Motion is issued.

## FACTUAL BACKGROUND

Plaintiff alleges Algo Exchange sent two text messages in violation of Section 227(c) of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). As set forth more fully in the Rule 12(c) Motion, Plaintiff's Complaint fails as a matter of law because Section 227(c) of the TCPA does not apply to text messages. *See* Doc. No. 14, Doc. 14-1. Under principles of statutory construction required by the Supreme Court's recent decisions in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 145 S. Ct. 2006, 2015 (2025) and *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 402 (2024) (overruling *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984)), Plaintiff's Complaint must be dismissed in its entirety with prejudice. *Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at *3 (C.D. Ill. July 21, 2025) ("Pursuant to *McLaughlin* and *Loper Bright*,

4

...
...

the Court agrees with the Defendant that based on a plain reading of the TCPA and its implementing regulations, Section 227(c)(5) does not apply to text messages.").

Algo Exchange outlined the failures of Plaintiff's Complaint as part of the Joint Preliminary Report to this Court filed on August 1, 2025. *See*, Doc. No. 12, at 18. On August 8, 2025, the same day the Rule 12(c) Motion was filed, this Court issued the Scheduling Order indicating discovery should commence on August 1, 2025, and setting various pre-trial deadlines in 2026. *See* Doc. No. 13. Six days later, on August 14, 2025, Plaintiff filed a motion seeking an additional thirty days, until September 29, 2025, to respond to the Rule 12(c) Motion. *See* Doc. No. 15. The Court granted Plaintiff's motion for additional time before Algo Exchange was heard. *See* August 18, 2025 Minute Order. Algo Exchange does not oppose the request for additional time, but requests that discovery be stayed pending resolution of the Rule 12(c) Motion. Prior to filing the herein Motion, Plaintiff's counsel was asked to consent to a stay, but opposes this request.

## **ARGUMENT**

### **I.  Courts in the Eleventh Circuit Frequently Stay Discovery Pending Dispositive Motions**

It is well-established that courts have "broad discretion to stay discovery pending decision on a dispositive motion." *Favors v. Select Portfolio Serv., Inc.*, 2015 WL 11718112, at *2 (N.D. Ga. Mar. 11, 2015) (internal quotations omitted). As the Eleventh Circuit has recognized:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should [] be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true .... If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).[1] Where a pending motion would dispose of the entire case, the court should thus "take a preliminary peek" at the motion to see if it appears to be clearly meritorious and truly case dispositive. *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997); *see also Arnold on behalf of Arnold v. City of Hampton*, No. 1:21-CV-4970-SEG, 2022 WL 20717564, at *1 (N.D. Ga. June 16, 2022).

In so doing, courts "routinely find good cause to stay the discovery period where there is a pending motion to dismiss." *Moseley v. Sessions*, 2017 WL 1682537, at *1 (S.D. Ga. May 1, 2017) (emphasis added) (collecting cases); *James v. Terex Corp.*, 2016 WL 5109152, at *2 (S.D. Ga. Sept. 20, 2016) (same); *Plumbers & Steamfitters Local 150 Pension Fund v. Muns Welding & Mechanical, Inc.*, 2015 WL 12843218, at *1 (S.D. Ga. May 5, 2015) (granting stay pending decision on motion for judgment on the pleadings).

---

[1] A motion for judgment on the pleadings is assessed under the same legal standard as a motion to dismiss. *See Strategic Income Fund, LLC v. Spear, Leeds & Kellog Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002).

## II.   A Discovery Stay Is Necessary in This Case

In deciding whether to stay discovery pending resolution of a dispositive motion, courts "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.  This involves weighing the costs and burdens of proceeding with discovery." *James,* 2016 WL 5109152, at *2 (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  Here, given the strength of the Rule 12(c) Motion, the burdens of proceeding with discovery while Algo Exchange's Rule 12(c) Motion is pending far outweigh any benefits.

Plaintiff's Complaint must be dismissed because her sole claim for relief, pursuant to 47 U.S.C. § 227(c), is grounded in her alleged receipt of two text messages.  However, the phrases "text message" and "SMS message" are wholly absent from Section 227(c)(5) and its implementing regulations, 47 C.F.R. § 64.1200(c) and (d).  Doc. No. 14-1, at 4-5.  Indeed, only "call", "telephone call", and "artificial or prerecorded-voice telephone call" appear in Section 227(c) and its implementing regulations.  *Id.* (citing 47 U.S.C. § 227(c)(1)(D), (c)(5); 47 C.F.R. § 64.1200(c)(2)(iii), (d)).  Therefore, 47 U.S.C. § 227(c), understood according to its plain and contemporary meaning, cannot be interpreted to govern text messages.  Like the sole statutory claim here, the Central District of Illinois recently held, under a plain reading of the TCPA and its implementing regulations, that Section 227(c)(5)

7

does not extend to text messages. *See* Doc. 14-1, at 6-7; *Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at *3 (C.D. Ill. July 21, 2025) (Doc No. 14-2). The same analysis and conclusion apply here.

Algo Exchange filed the Rule 12(c) Motion early to allow the Court to dispose of this case judiciously and efficiently, preventing waste of the Court's and the parties' time and resources. Conversely, discovery is likely to be extensive and costly, especially given the overbreadth nature of Plaintiff's First Set of Discovery. *See* Ex. 1 hereto.[2] "It would be inefficient and costly for the parties to engage in such extensive discovery when much, if not all, of the discovery requests could be rendered moot by the Court's ruling on the Motion" for judgment on the pleadings. *SP Frederica, LLC v. Glynn Cty.*, 2015 WL 5242830, at *3 (S.D. Ga. Sept. 8, 2015); *see also Robinson v. McNeese*, No. 5:20-CV-00160-TES, 2020 WL 6081893, at *1 (M.D. Ga. Oct. 15, 2020) ("[Motions to dismiss] present purely legal questions that should be resolved before the parties bear the costly burdens associated with the discovery process.").

Finally, Plaintiff would suffer no prejudice if this Court were to stay discovery pending decision on the Rule 12(c) Motion. Plaintiff requested additional time to respond to the Rule 12(c) Motion; therefore, any purported delay is Plaintiff's own

---

[2] The date of service for Plaintiff's first set of discovery is incorrect. Plaintiff's counsel sent the first set of discovery requests via email on August 5, 2025, not July 30, 2025.

doing. Any feigned concern that evidence may be lost "because over time memories fade, witnesses relocate[,] and documents are misplaced" is "present in all cases where a stay is sought." *Brantley Cty. Dev. Partners, LLC v. Brantley Cty., Georgia*, 2020 WL 3621319, at *3 (S.D. Ga. July 2, 2020). When the scope of potential discovery and the attendant "likely costs and burdens of proceeding with discovery" are large and outweigh any potential "harm produced by a delay in discovery," it is in the interest of all parties that the time and effort involved in discovery be limited in scope to any claims capable of surviving Rule 12 motions. *Arnold on behalf of Arnold v. City of Hampton*, No. 1:21-CV-4970-SEG, 2022 WL 20717564, at *1 (N.D. Ga. June 16, 2022) (internal citation omitted).

Here, the Rule 12(c) Motion should render this entire action moot because there will no longer be any "live" claim and Plaintiff will lack any legally cognizable interest in the outcome. *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003) (internal quotation marks and citation omitted); *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). Because Algo Exchange's Rule 12(c) Motion should eliminate the need for discovery in its entirety, and there is no urgency for this case to proceed, discovery and the pretrial deadlines should be stayed pending resolution of Algo Exchange's Rule 12(c) Motion.

## CONCLUSION

9

For the foregoing reasons, Algo Exchange respectfully requests that the Court stay discovery and all pretrial deadlines pending a ruling on Algo Exchange's Rule 12(c) Motion for Judgment on the Pleadings and for such other and further relief as is just and proper.

Dated: August 22, 2025                    Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP
*/s/ Theresa L. Nelson*
Theresa L. Nelson (GA Bar No. 601095)
Gordon Rees Scully Mansukhani, LLP
55 Ivan Allen Jr. Blvd. N.W.
Suite 750
Atlanta, GA 30308
Ph.: (404) 869-9054
Email: tlnelson@grsm.com

Stephen R. Freeland (*pro hac vice*)
277 S. Washington St.
Suite 550
Alexandria, VA 22314
Ph.: (703) 650-7035
Email: sfreeland@grsm.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that a true and complete copy of the foregoing and accompanying Exhibit 1 and proposed Order have been served through the Court's electronic filing system to the following on August 22, 2025:

Valerie Chinn
Attorney at Law
CHINN LAW FIRM, LLC
245 N. Highland Ave.
Suite 230 #7
Atlanta, GA 30307
Direct: 404-955-7732
Facsimile: 404-745-8605
Email: vchinn@chinnlawfirm.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
*Counsel for Plaintiff and the proposed class*

                                             /s/ *Theresa L. Nelson*
                                             Theresa Nelson