IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIN WILSON, *individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>TRADERCODES, LLC DBA ALGO EXCHANGE,<br><br>Defendant. | Case No.<br><br>1:25-cv-03211-ELR |

**<u>DEFENDANT TRADERCODES, LLC D/B/A ALGO EXCHANGE'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STAY DISCOVERY AND PRETRIAL DEADLINES PENDING DEFENDANT'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

NOW COMES Defendant Tradercodes, LLC d/b/a Algo Exchange ("Algo Exchange" or "Defendant"), and files this reply brief in further support of its Motion to stay discovery and pretrial deadlines pending the Court's decision on Defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (the "Motion to Stay") (Doc. No. 16).

**I.   SUMMARY**

Plaintiff Erin Wilson ("Plaintiff") filed a Complaint alleging one claim under 47 U.S.C. § 227(c) of the Telephone Consumer Protection Act of 1991 ("TCPA") based on her alleged receipt of two unsolicited text messages. *See* Doc. No. 1.

1

Plaintiff included screenshots of the two text messages in her Complaint. *See* Doc. No. 1, p. 3-5, ¶¶15-16. Plaintiff's Complaint is exclusively based on the two text messages and says nothing about any communications from Algo Exchange beyond the two alleged text messages. *See* Doc. No. 1, p. 6, 11, ¶¶17-21, 23, 54. Notwithstanding evidence another person may have mistakenly provided Plaintiff's telephone number when requesting information from Algo Exchange, making Plaintiff's situation highly unique to her, Plaintiff will eventually seek to file a motion for class certification as stated in the Complaint. *See* Doc. No. 1, p. 8, ¶31. And, Plaintiff served exceedingly broad class discovery attached to Algo Exchange's Motion to Stay. Doc. No. 16-1, at 4; Doc. No. 16-2, at 9-13.

Because recent TCPA precedent – which follows and applies recent Supreme Court precedent – confirms text messages are not "telephone calls" under the Section of the TCPA which Plaintiff sues, Algo Exchange filed a Rule 12(c) Motion for Judgment on the Pleadings (the "Rule 12(c) Motion") seeking dismissal of Plaintiff's Complaint with prejudice. *See* Doc. Nos. 14, 14-1. To conserve resources and in the interest of justice, Algo Exchange also filed the pending Motion to Stay, requesting the Court stay discovery and pretrial deadlines until deciding the Rule 12(c) Motion. For her Opposition, Plaintiff tries a two-pronged approach by (i) overlooking recent TCPA precedent in favor of now-outdated decisions, and (ii) providing a contradictory declaration that now refers to voice telephone calls

nowhere plead in her Complaint. Because neither argument can overcome the applicable law and pleading deficiencies evident in Plaintiff's Complaint, coupled with Plaintiff's silence regarding any prejudice, Algo Exchange's Motion to Stay and ultimately, the Rule 12(c) Motion should be granted.

## ARGUMENT

### I.   Text Messages are Not Telephone Calls Under the TCPA.

As set forth in the Rule 12(c) Motion, the phrases "text message" and "SMS message" are wholly absent from Section 227(c)(5) and its implementing regulations of the TCPA, 47 C.F.R. § 64.1200(c) and (d). Doc. No. 14-1, at 4-5. Only "call", "telephone call", and "artificial or prerecorded-voice telephone call" appear in Section 227(c) and its implementing regulations. *Id.* (citing 47 U.S.C. § 227(c)(1)(D), (c)(5); 47 C.F.R. § 64.1200(c)(2)(iii), (d)). Therefore, 47 U.S.C. § 227(c), understood according to its plain and contemporary meaning, cannot be interpreted to govern text messages. *Id.* at 4, 6 (citing and quoting *Equal Emp. Opportunity Comm'n v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1026 (11th Cir. 2016)).

In addition to the Central District of Illinois confirming text messages are not telephone calls under the TCPA, the Northern District of Florida has also confirmed a text message is not a "telephone call" and cannot be used to state a plausible claim under Section 227(c)(5) the TCPA. *See Davis v. CVS Pharmacy, Inc.*, 2025 WL

3

2491195 (N.D. Fl. Aug. 26, 2025) (Exhibit 1 hereto); *see also Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at *3 (C.D. Ill. July 21, 2025) (Doc. No. 14-2, at p. 2, 6-8).  Regardless of Plaintiff's Opposition and reliance on now-outdated case law, the same analysis and conclusion from these two cases apply here.

Indeed, Plaintiff's Opposition asks this Court to ignore recent precedent that applies and follows recent and controlling Supreme Court precedent, and read the statutory language of "telephone call" to mean "text message" to avoid a stay. However, statutory construction prohibits Plaintiff's proposed interpretation as a matter of law.  The TCPA's language is clear, and thus the analysis begins and ends there.  *Young v. Grand Canyon Univ., Inc.*, 980 F.3d 814, 818 (11th Cir. 2020). A text message is not a "telephone call."  Despite Plaintiff's urgings otherwise, no one refers to a text message as a telephone call.  The Northern District of Florida confirmed, that "[c]ertainly, no ordinary person would think of a text message as a '*telephone* call.' This conclusion—supported by the ordinary public meaning at the time of the provision's enactment [in 1991]—is enough to end this case." *Davis*, 2025 WL 2491195 * 1.

Plaintiff also argues her claim should proceed because "Section 227(c) authorizes the FCC to prohibit unwanted telephone solicitations of all kinds, including text messages." Doc. No. 17, at 5.  This argument was specifically rejected by the *Davis* court which held that Congress "defines 'telephone solicitation'—and

4

whatever Congress directed the FCC to do in terms of regulating certain 'telephone call[s] or message[s]'—the private right of action Congress created exists only for those who received multiple 'telephone calls.' 47 U.S.C. § 227(c)(5)." *Davis*, 2025 WL 2491195 *2. The *Davis* court emphasized: "In fact, Congress's use of the phrase 'telephone call or message' in a neighboring provision only undermines Davis's position. It shows that Congress does not use the term 'telephone call' to encompass all 'messages.'" *Id*.

Disagreeing with the exact same argument presented by Plaintiff here, the *Davis* court confirmed the term "telephone call" in § 227(c)(5) and the term "telephone call *or message*" in § 227(a)(4) are not analogous. The *Davis* court explained "[courts must] presume that, when a statute uses one term in one place and a distinct term elsewhere, the difference matters—that is, the distinct words have different meanings." *Id*. (citing, *Sunshine State Reg'l Ctr., Inc. v. Dir., U.S. Citizenship & Immigr. Servs.*, 143 F.4th 1331, 1344 (11th Cir. 2025); *accord Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 859 (11th Cir. 2000) ("[W]hen Congress uses different language in similar sections, it intends different meanings.")). As confirmed by these recent decisions, Plaintiff has no TCPA claim.

## II. Plaintiff's Complaint Alleges Receipt of Text Messages, Only.

To properly state her Section 227(c)(5) claim of the TCPA, Plaintiff had to allege she received at least two "telephone calls." 47 U.S.C. § 227(c)(5). Her

Complaint is clear. She alleged receiving text messages, only. And, because text messages are not "telephone calls" as a matter of law, Plaintiff has not stated a plausible claim for relief. Perhaps in an effort to save her insufficient Complaint, Plaintiff has now provided a declaration that, for the first time, refers to purported telephone calls she claims to have received. The problem for Plaintiff is her Complaint does not allege she received any telephone calls, only text messages.

To avoid dismissal pursuant to Rule 12(c), Plaintiff's Complaint must contain sufficient factual matter "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In deciding a Rule 12(c) motion, a court may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them. *Burgest v. Bd. of Regents*, No. 4:19-cv-335, 2021 U.S. Dist. LEXIS 59569, 2021 WL 1187088, at *2 (S.D. Ga. Mar. 29, 2021) (quotation omitted). Applying this well-settled law, Plaintiff's declaration is therefore a nullity. It is not a complaint, it is not an answer, and was not attached to any pleading. It should be given no weight. Thus, Algo Exchange's Rule 12(c) Motion should be granted and dispose of this case in its entirety.

### III. A Stay is Warranted.

A "preliminary peek" confirms the Rule 12(c) Motion will succeed because Plaintiff's Section 227(c)(5) of the TCPA claim rests solely on alleged receipt of two text messages. There is no need to proceed with exceedingly broad class discovery when the case should soon be dismissed. Plaintiff did not present any argument asserting any potential prejudice or harm if this Court granted the stay; thereby, waiving the argument. *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (quotation marks omitted) ("[W]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned."). Because there is no urgency for this case to proceed, no prejudice exists, and the Rule 12(c) Motion will dispose of this case, discovery and the pretrial deadlines should be stayed pending resolution of Algo Exchange's Rule 12(c) Motion.

## CONCLUSION

Algo Exchange respectfully requests that the Court exercise its discretion to stay discovery and all pretrial deadlines pending a ruling on Algo Exchange's Rule 12(c) Motion for Judgment on the Pleadings and for such other and further relief as is just and proper.

Dated: September 16, 2025                    Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP
*/s/ Theresa L. Nelson*
Theresa L. Nelson (GA Bar No. 601095)
Gordon Rees Scully Mansukhani, LLP
55 Ivan Allen Jr. Blvd. N.W.
Suite 750
Atlanta, GA 30308
Ph.: (404) 869-9054
Email: tlnelson@grsm.com

Stephen R. Freeland (*pro hac vice*)
277 S. Washington St.
Suite 550
Alexandria, VA 22314
Ph.: (703) 650-7035
Email: sfreeland@grsm.com

*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B). The foregoing was prepared on a computer, using Times New Roman 14-point font.

## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing and accompanying Exhibit 1 have been served through the Court's electronic filing system to the following on September 16, 2025:

Valerie Chinn
Attorney at Law
CHINN LAW FIRM, LLC
245 N. Highland Ave.
Suite 230 #7
Atlanta, GA 30307
Email: vchinn@chinnlawfirm.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com
*Counsel for Plaintiff and the proposed class*

                                           /s/ *Theresa L. Nelson*
                                           Theresa Nelson