**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ERIN WILSON, individually and on     *
behalf of others similarly situated,     *
    *
    Plaintiff,     *
    *
    *         1:25-CV-03211-ELR
    v.     *
    *
TRADERCODES, LLC, d/b/a Algo     *
Exchange,     *
    *
    Defendant.     *
    *

_____

**ORDER**

_____

Presently before the Court is the Motion for Judgment on the Pleadings by

Defendant Tradercodes, LLC ("Tradercodes"). [Doc. 14].

I.     **Background**

In March 2025, Plaintiff Erin Wilson ("Wilson") received multiple text

messages from Tradercodes despite being registered on the national "Do Not Call"

registry. Compl. ¶¶ 14–15 [Doc. 1]. Wilson did not give Tradercodes "prior express

consent or permission" to text him. Id. ¶ 21. Wilson initiated this class action suit

against Tradercodes, bringing a single count of a violation of the Telephone

Consumer Protection Act (TCPA), 47 U.S.C. § 227. Id. ¶¶ 52–60. Wilson alleges

Tradercodes violated § 227(c)(5) because "it delivered, or caused to be delivered, to [Wilson] and members of the class, more than one solicitation text message in a 12-month period[.]" Id. ¶ 59.

## II.     Legal Standard

"A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." Samara v. Taylor, 38 F.4th 141, 149 (11th Cir. 2022). Thus, in evaluating a motion for judgment on the pleadings, a court analyzes whether the complaint "contain[s] sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998) (citing Fed. R. Civ. P. 12(c)). "In determining whether a party is entitled to judgment on the pleadings," a court "accept[s] as true all material facts alleged in the non-moving party's pleading[s] and . . . view[s] those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo, N.A., 774 F.3d 1329, 1335 (11th Cir. 2014).

III.    **Discussion**

Tradercodes argues that a recently published Supreme Court case requires this Court to independently determine the meaning and effect of the TCPA, despite the Federal Communications Commission's (FCC) interpretation of that statute. [Doc. 14-1 at 3–4]. Specifically, Tradercodes contends that an independent review of the statute leads to the conclusion that § 227(c)(5) does not create a private cause of action based on the transmission of unsolicited text messages, thus barring Wilson's claim as a matter of law. [Id. at 4–7].

Wilson argues four main points in opposing judgment on the pleadings: (1) courts have continuously held that unwanted text messages can violate the TCPA; (2) the term "call" should be treated the same as the term "telephone solicitations," which is used in other sections of the TCPA; (3) text messages did not exist at the time of the TCPA's enactment; and (4) the Court should still defer to the FCC's interpretation of the TCPA that the receipt of unsolicited text messages forms the basis of a § 227(c)(5) claim. [Doc. 19]. Wilson also requests leave to amend if the Court finds that the allegations regarding the receipt of text messages do not state a claim under 47 U.S.C. § 227(c)(5). [Id. at 23].

A.    **McLaughlin v. McKesson**

Until recently, district courts were instructed to afford "binding deference to agency interpretations" of statutes enacted by Congress. Loper Bright Enterprises v.

3

Raimondo, 603 U.S. 369, 399 (2024) (citing Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 863 (1984)). The Supreme Court's holding in Chevron was inconsistent with the Administrative Procedure Act, which commands a reviewing court to "decide all relevant questions of law and interpret statutory provisions." Loper Bright, 603 U.S. at 399 (citation modified) (citing 5 U.S.C. § 706).

In McLaughlin Chiropractic Asscs, Inc. v. McKesson Corp., the Supreme Court deviated from its holding in Chevron and held district courts are not bound by an administrative agency's interpretation of a statute. 606 U.S. 146, 155 (2025). Rather, courts should "determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." Id. In holding so, the Court instructed district courts to "interpret the TCPA under ordinary principles of statutory interpretation[.]" Id. at 152. Because the instant case involves whether a certain mode of communication creates a cause of action under § 227(c)(5) of the TCPA, the Court continues its analysis against the backdrop of McLaughlin.

**B.      Wilson's TCPA Claim**

47 U.S.C. § 227(c)(5) creates a private cause of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity[.]" In arguing that sending text messages cannot create a cause of

action under § 227(c)(5), Tradercodes contends that the plain language of the statute makes clear only telephone *calls* are contemplated by that statute. [Doc. 14-1 at 4–6]. In support of its argument, Tradercodes also points out phrases like "text message" and "SMS message" are wholly absent from the statute. [Id.]

When interpreting a statute, the Court begins with the "plain language of the provision to be interpreted." Pugliese v. Pukka Dev., Inc., 550 F.3d 1299, 1303 (11th Cir. 2008) (citation modified). If the text of the statute is clear, the analysis ends there. Young v. Grand Canyon Univ., 980 F.3d 814, 818 (11th Cir. 2020). The TCPA is clear. Civil suits under § 227(c)(5) can only be brought when an individual receives more than one telephone *call,* and the provision is devoid of any other modes of communication that give rise to a cause of action. Other courts in this circuit have also found that the language of the TCPA is clear in creating a cause of action based on telephone calls only. See Radvansky v. 1-800-Flowers.com, Inc., No. 25-CV-2811, 2026 WL 456919, at *3 (N.D. Ga. Feb. 17, 2026) (finding that the statutory text of the TCPA "is clear that only telephone calls are actionable under § 227(c)(5), not text messages"); Radvansky v. Kendo Holdings, Inc., 3:23-CV-214, slip op. at 3–7 (N.D. Ga. Feb. 12, 2026) (holding same); Davis v. CVS Pharmacy, Inc., 797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025) (holding same); Sayed v. Naturopathica Holistic Health, Inc., 25-CV-847, 2025 WL 2997759 (M.D. Fla. Oct. 24, 2025) (holding same). The Court agrees with the other courts in this circuit that

5

under the plain language of the statute, transmissions of text messages do not create a cause of action under § 227(c)(5).

The Court addresses the arguments Wilson offers to support that a claim under § 227(c)(5) may be based on the transmission of text messages. First, Wilson contends "nearly every court" has held text messages constitute a "call" under the TCPA. [Doc. 19 at 3–4]. Wilson, however, only offers cases that predate the Supreme Court's holding in McLaughlin, which were necessarily decided under the instruction to defer to an administrative agency's interpretation of a statute. Furthermore, the binding authority on which Wilson relies is inapplicable because the cases concerned a cause of action under 47 U.S.C. § 227(b), which restricts the use of automated telephone equipment, and Wilson's singular claim is brought under § 227(c)(5). See Campbell-Ewald, 577 U.S. 153, 156 (2016) ("A text message . . . qualifies as a 'call' *within the compass of § 227(b)(1)(A)(iii)*." (emphasis added)); Drazen v. Pinto, 74 F.4th 1336, 1339–40 (11th Cir. 2023) (analyzing whether a plaintiff had standing to sue under § 227(b)(1)(A)(iii) when she received an automated text message from the defendant company); Ins. Mktg. Coal. Ltd. v. FCC, 127 F.4th 303, 307 n.2 (11th Cir. 2025) ("[E]ven though [§ 227(b)(1)(A), (B)] on its face does not mention text messages, the FCC—by regulation—has interpreted the world 'call' to include text messages.").

Wilson next argues that because the definition section of the TCPA defines "telephone solicitations" as "the initiation of a telephone call or message[,]" "telephone call" under § 227(c)(5) must include text messages, too. [Doc. 19 at 12, 15–16 (citing 47 U.S.C. § 227(a)(4))]. Another court in this district rejected Wilson's exact argument because "construing these district phrases identically would render superfluous the different terms Congress chose to use in each subsection, a result which would violate the canon against surplusage." 1-800-Flowers.com, at *3. The Court agrees. Congress's decision to use the two different words in neighboring provisions "shows that Congress does not use the term 'telephone call' to encompass all 'messages.'" Davis, 797 F. Supp. 3d at 1274. In a similar vein, Wilson argues that Congress's subsequent amendments to certain sections of the TCPA to include text messages demonstrate Congress's intent that the entirety of the TCPA contemplates text messages as a violative means of communication. [Doc. 19 at 12]. But it evidences the opposite: that Congress amended other sections of the TCPA but not § 227(c)(5) suggests "Congress intended § 227(c)(5) to encompass only telephone calls because 'when a statute uses one term in one place and a distinct term elsewhere, the difference matters—that is, the distinct words have different meanings.'" 1-800-Flowers.com, at *3 (quoting Sunshine State Reg'l Ctr., Inc. v. Dir., U.S. Citizenship & Immigration Servs., 143 F.4th 1331, 1344 (11th Cir. 2025)). Congress's purposeful abstention from the term "text message" in other provisions

7

indicates that text messages are not encompassed within the term "telephone calls" in § 227(c)(5).

The Court is unsure of what to make of Defendant's argument that at the time of the TCPA's enactment in 1991, text message technology did not exist. [Doc. 19 at 17]. In fact, that text messages did not exist at the time of the TCPA's enactment suggests Congress could not have contemplated them when it drafted § 227(c)(5), which supports Tradercodes' position. See EEOC v. Catastrophe Management Solutions, 852 F.3d 1018, 1027 (11th Cir. 2016) ("When words are not defined in a statute, they are 'interpreted to take their ordinary, contemporary, common meaning[.]'" (citation omitted)).

Lastly, Wilson points to a 2003 order issued by the FCC and argues that the Court should adopt the FCC's interpretation and find that text messages are included within the term "telephone call." [Doc. 19 at 19 (citing In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, 14115)]. Aside from the fact that the 2003 order interprets § 227(b), and not § 227(c), Wilson asks this Court to do what the Supreme Court has expressly rejected. Under Loper Bright and McLaughlin, the Court must independently "determine the meaning of the law under ordinary principles of statutory interpretation." McLaughlin, 606 U.S. at 155. As previously discussed, the Court's independent review of the statute leads it to the conclusion that text messages do not create a

8

private cause of action under § 227(c)(5), and the Court accordingly rejects Wilson's request that the Court adopt the FCC's interpretation of the statute.

### C.      Wilson's Request for Leave to Amend

Wilson requests leave to amend his Complaint because he contends he received calls, in addition to text messages, from Tradercodes. [Doc. 19 at 23]. Tradercodes opposes, arguing it is improper for Wilson to request leave to amend in an opposition brief. [Doc. 22 at 11–14].

Wilson has failed to comply with Federal Rule of Civil Procedure 7(b), which requires a party to make any requests to the court through a motion. Fed. R. Civ. P. 7(b). Instead, his request for leave to amend "simply [wa]s imbedded within an opposition memorandum," so "the issue has not been raised properly." Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1222 (11th Cir. 1999). He further did not comply with Federal Rule of Civil Procedure 7(b) because he "failed to attach a copy of [his] proposed amendment or to describe the substance of [his] proposed amendment." Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009). For these reasons, the Court denies Wilson's request for leave to amend.

### IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Tradercodes' Motion for Judgment on the Pleadings, [Doc. 14], and, accordingly, **DISMISSES WITH**

**PREJUDICE** the Complaint. As no further issues remain pending, the Court

**DIRECTS** the Clerk to terminate this action.

      **SO ORDERED**, this 17th day of March, 2026.

 

*Eleanor L. Ross*
_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia